IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROBERT CRUZ, on behalf of his minor child L.C., and SCOT JONES, on behalf of his minor child D.J., <br><br> Plaintiffs, <br><br> v. <br><br> JAY R. PRITZKER, in his official capacity as Governor, and DR. CARMEN I. AYALA, in her Official capacity as Director of the Illinois State Board of Education, And OAK LAWN COMMUNITY HIGH SCHOOL DISTRICT 229 SCHOOL BOARD, <br><br> Defendants. | Case No. 21-cv-03199 |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Oak Lawn Community High School District 229 School Board's ("School Board") Motion to Transfer Venue to the Northern District of Illinois pursuant to 28 U.S.C. § 1404. (d/e 6). Defendant School Board has proven that factors of convenience and the interest of justice favor transfer. Therefore, Defendant's motion is GRANTED.

## I.     BACKGROUND

Plaintiffs Robert Cruz and Scot Jones ("Plaintiffs") are both residents of Cook County, Illinois, which is located in the Northern District of Illinois.  Plaintiffs filed suit on behalf of their minor children on September 2, 2021 against Defendants Governor JB Pritzker, Director of the Illinois State Board of Education Dr. Carmen Ayala (collectively, the "State Defendants"), and the School Board.  See Notice of Removal (d/e 1) Ex. 1.  The School Board is also located in Cook County, Illinois and the Northern District.  In their Complaint, Plaintiffs allege the State Defendants as well as the School Board violated their substantive due process rights under the Constitution and 42 U.S.C. § 1983 in dissemination of certain public health guidelines for schools.  Specifically, Plaintiffs allege that Defendant Governor Pritzker exceeded his authority under the Illinois Emergency Management Agency Act, 20 ILCS 3305 et seq., in issuing Executive Order 2021-18 ("EO 2021-18").[1]  EO 2021-18 mandates all public and nonpublic K-12 schools require "the indoor

---

[1] While Plaintiffs have attached an Executive Order to their Complaint, the Court notes that it does not appear to be the correct Executive Order.  Executive Order 2021-18, to which Plaintiffs cite, is available at https://www.illinois.gov/government/executive-orders/executive-order.executive-order-number-18.2021.html.

use of face coverings by students, staff, and visitors who are over age two." Plaintiffs allege that mandate violated their "fundamental right to make health-related decisions for their minor children" and that Dr. Ayala took part in the violation by complying with EO 2021-18. Notice of Removal, Ex. 1 at pp. 2–3. Plaintiffs further allege that the School Board also took part in the violation of Plaintiffs' rights when the School Board passed Resolution 2122-01, which states that the School Board will comply with all mandates from the Governor of Illinois. Id. at 37–38.

On September 10, 2021, the State Defendants removed the suit to this Court. Notice of Removal (d/e 1). The same day, the School Board filed the present Motion to Change Venue. (d/e 6). The School Board states that the State Defendants do not object to the School Board's motion. Id. at 5. Plaintiffs filed their Memorandum in Opposition to transfer on September 24, 2021. (d/e 10).

## II. ANALYSIS

Venue in a federal civil suit is governed by 28 U.S.C. § 1391. Under § 1391(b), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in

which the district is located," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Where a defendant is a corporation in a State with multiple districts, as here, that corporation's residency is "any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." Id.

The transfer of venue in a case from one federal court to another is governed by 28 U.S.C. § 1404(a). Under § 1404, a court may "transfer any civil action to any other district or division where it might have been brought." Id. A court may do so "[f]or the convenience of parties and witnesses" and "in the interest of justice." Id. Section 1404 "allow[s] a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d 973, 977 (7th Cir. 2010). Whether to grant a motion to transfer under § 1404 is within the "substantial degree of deference" of the Court. Id. at 977–78.

There are three essential elements of a valid transfer: (1) venue is proper in the transferor court, (2) venue is proper in the transferee court, and (3) the transfer is for the convenience of the parties and witnesses, and in the interest of justice. Great West Casualty Co. v. Ross Wilson Trucking, 2017 WL 707484, at *4 (C.D. Ill. Feb. 22, 2017). The first two elements are met here because neither party disputes that the Central District and the Northern District are each a proper venue. As a result, whether to transfer from the Central District to the Northern District turns on the convenience of the parties and witnesses and the interest of justice.

**a. The convenience of the parties and witnesses favors transfer.**

When deciding convenience between parties, the Court considers the following five factors: "(1) the plaintiff's choice of [venue]; (2) the situs of material events; (3) the relative ease of access to evidence; (4) the convenience of the parties; and (5) the convenience of the witnesses." Id. The moving party, here the School Board, bears the burden of proving the proposed transferee district is more convenient. Great West Casualty, 2017 WL 707484, at *4.

The Plaintiffs' choice of venue does not weigh against transfer. While ordinarily afforded substantial weight, the plaintiff's choice of venue is entitled to less deference where the plaintiff's chosen venue is not the plaintiff's home venue. Id. The Central District is neither Plaintiffs' home venue. Each Plaintiff resides in Cook County, Illinois, making each of their home venues the Northern District. Furthermore, each Plaintiff's minor child attends school in Oak Lawn, Illinois, also within Cook County and the Northern District.

Finally, Plaintiff Cruz initially filed a similar suit in Cook County against the State Defendants. See Def.'s Resp. (d/e 12) at Ex. 1. The State Defendants moved to transfer the case to Sangamon County, arguing that transfer would be convenient to consolidate Plaintiff Cruz's case with other cases raising claims related to the State Defendants' authority over public health guidance in schools. Id. at Ex. 3. Plaintiff Cruz then voluntarily withdrew the Cook County suit and refiled it as the present case in Sangamon County, this time with Plaintiff Jones as a co-plaintiff and the School Board as a third defendant. Notice of Removal (d/e 1) at Ex. 1. Plaintiffs' first choice of venue, then, was Cook County in the Northern District, and this case was filed in Sangamon

County in the Central District only after the State Defendants raised the transfer argument for the convenience of consolidating cases with similar claims. This factor is, therefore, neutral as to transfer because the Central District is neither the Plaintiffs' home venue nor their first choice of venue.

The material events factor, in turn, weighs in favor of transfer. While one of the challenged mandates—EO 2021-18—was signed in Springfield, Illinois in the Central District, the other mandate—Resolution 2122-01—was issued by the School Board in the Northern District. Additionally, as stated, both Plaintiffs reside in the Northern District and the schools their minor children attend are also in the Northern District. So, any alleged harm done to Plaintiffs or their children would have occurred in the Northern District. Therefore, this factor weighs in favor of transfer.

The relative ease of access to evidence also favors transfer. The School Board argues that "virtually all relevant evidence is located in the Northern District," an assertion supported by the fact that the site of the material events is also in the Northern District. In response, Plaintiffs argue that "[t]he relevant documentary evidence has already been filed" either in Plaintiffs' Complaint or in

Plaintiffs' Motion for a Preliminary Injunction. Pl.'s Opposition at p. 7. However, at this stage in the proceedings, with little discovery done, Plaintiffs' claim that all the relevant evidence has already been filed is unsupported by the facts and is speculative. Instead, as the School Board argues, more evidence will likely be in the Northern District because the site of the material events is in the Northern District. The ease of access to evidence, then, favors transfer.

The convenience of the parties is neutral. As Plaintiffs point out and the State Defendants concede, the State Defendants reside in the Central District. See Pl.'s Mem. in Opposition (d/e 10) at p. 8; Def.'s Resp. (d/e 13) at p. 7; see also Protess v. Howell, 1995 WL 270219, at *3 (N.D. Ill. May 5, 1995) (citing Braggs v. Lane, 717 F.Supp. 609, 611 (N.D. Ill. 1989) (holding that a public official's residence for venue purposes is the place where he or she performs the official duties of his or her office, regardless of secondary offices in other districts). In contrast, Plaintiffs and the School Board reside in the Northern District. Transfer to the Northern District, then, would only change which parties would be litigating outside their home venue: without transfer, the School Board and Plaintiffs;

with transfer, the State Defendants. However, the Court notes that the State Defendants do not object to the transfer. Pl.'s Mot. to Change Venue (d/e 6) at p. 5. Therefore, this factor is neutral.

The convenience of the witnesses favors transfer. The School Board argues that this factor favors transfer because the Plaintiffs and the School Board reside in the Northern District, so if they are called to testify then venue in the Northern District would be more convenient. Plaintiffs, in response, argue that, in their view, "it is unlikely any non-party will be required to testify in the action," rendering the inconvenience of potential witnesses minimal. Id. at p. 8. However, Plaintiffs' argument assumes that only the parties would be called, while the School Board's argument assumes that, at a minimum, the parties would be called. If more witnesses are called, such as other Oak Lawn High School Board members, those witnesses will be in the Northern District because the location of the material events is also in the Northern District. The Court finds that additional witnesses who may be called would be inconvenienced if transfer is not granted. Therefore, the Court finds that the convenience of the parties and the witnesses favors transfer to the Northern District.

### b. The interest of justice favor transfer.

Next, the interest of justice favors transfer. Whether transfer would serve the interest of justice requires the Court to consider the following factors: (1) the "docket congestion and likely speed to trial" in each venue; (2) "each court's relative familiarity with the relevant law;" (3) "the respective desirability of resolving controversies in each locale;" and (4) "the relationship of each community to the controversy." Research Automation, 626 F.3d at 978.

The docket congestion and likely speed of trial factor is neutral. According to the U.S. District Courts Federal Management Statistics for the 12-month period ending March 31, 2021, the Central District had a total of 473 civil and criminal cases per judgeship and a median time from filing to disposition of 9.8 months in civil cases. See U.S. District Courts—Federal Court Management Statistics–Comparison Within Circuit—During the 12-Month Period Ending March 31, 2021, at *7, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0331.2021.pdf. In comparison, the Northern District had fewer filings per judgeship at 413, but a longer median time to disposition of 16.3 months for the same time period. Id.

Therefore, the docket congestion and likely speed to trial factor is neutral.

The applicable law factor is also neutral. While the School Board argues that the Northern District is more familiar with the applicable law because that District has resolved prior cases involving similar claims, both the Central District and the Northern District are capable of interpreting Illinois state law, which would apply in either venue.

The final factors—the respective desirability of resolving controversies in each locale and the relationship of each community to the controversy—strongly favor transfer. The claims against the School Board affect a narrow community: Oak Lawn, Illinois. Plaintiffs' claims against the School Board involve individuals who live in Oak Lawn and their children who attend Oak Lawn schools. The outcome of those claims will directly impact other Oak Lawn parents and students in addition to the Oak Lawn School Board and its members. The more interested venue for Plaintiffs' claims against the School Board is the Northern District, and, while the Central District has an interest in the claims against the State Defendants, the Northern District has an equal interest in the

claims against the State Defendants and is capable of deciding them alongside the claims against the School Board. The final factors, therefore, strongly favor transferring the controversy to the Northern District.

### III. CONCLUSION

Considering all the factors relevant to the convenience of the parties and the interests of justice, the Court finds that the School Board has proven transfer is warranted. The School Board's Motion to Change Venue is GRANTED. This case is transferred to the Northern District of Illinois.

**IT IS SO ORDERED.**
**ENTERED: October 5, 2021**

                                         /s/ *Sue E. Myerscough*
                                         **SUE E. MYERSCOUGH**
                                         **UNITED STATES DISTRICT JUDGE**