UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT CRUZ, on behalf of his minor child, L.C. and SCOT JONES, on behalf of his minor child, D.J., | )<br>)<br>) |
| Plaintiffs, | ) Case No. 21-cv-5311 <br>) <br>) Judge Sharon Johnson Coleman |
| v. | ) <br>) |
| JAY PRITZKER, in his official capacity as Governor, DR. CARMEN I. AYALA, in her official capacity as Director of the Illinois State Board of Education, and OAK LAWN COMMUNITY HIGH SCHOOL, DISTRICT 229 SCHOOL BOARD, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Robert Cruz and Scot Jones, on behalf of their minor children, challenge Governor Jay Pritzker's Executive Order 2021-18 ("EO21-18"), which states that all public and nonpublic K-12 schools must require "the indoor use of face coverings by students, staff, and visitors who are over age two." Before the Court are defendants' motions to dismiss brought pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants defendants' motions.

**Background**

On July 23, 2021, pursuant to his authority under the Illinois Constitution and Section 7 of the Illinois Emergency Management Agency Act ("IEMAA"), 20 ILCS 3305/1, *et seq.*, Governor Pritzker issued a disaster proclamation for the State of Illinois. In that proclamation, the Governor noted that "despite efforts to contain COVID-19, the virus has continued to spread rapidly." From this proclamation, Governor Pritzker issued EO21-18 on August 4, 2021, which states in relevant part:

> All public and nonpublic schools in Illinois serving pre-kindergarten through 12th grade students must follow the joint guidance issued by ISBE [Illinois State Board of Education] and IDPH [Illinois Department of Health] and take proactive measures to ensure the safety of students, staff, and visitors, including, but not limited to:
>
> a. Requiring the indoor use of face coverings by students, staff, and visitors who are over age two and able to medically tolerate a face covering, regardless of vaccination status, consistent with CDC guidance; and
>
> b. Implementing other layered prevention strategies (such as physical distancing, screening testing, ventilation, handwashing and respiratory etiquette, advising individuals to stay home when sick and get tested, contact tracing in combination with appropriate quarantine and isolation, and cleaning and disinfection) to the greatest extent possible and taking into consideration factors such as community transmission, vaccination coverage, screening testing, and occurrence of outbreaks, consistent with CDC guidance.

After Governor Pritzker issued EO21-18, defendant Oak Law Community High School ("OLCHS") District 229 School Board passed resolution 2122-01, which states in relevant part:

> "WHEREAS, the Board of Education of OLCHS will follow the directives and suggestions from the professionals at the IDPH, as well as the ISBE, and the mandates and orders from the Governor of Illinois; and
>
> WHEREAS, the Board of Education of OLCHS is resolved to open school safely and be in compliance with the suggestions and directives of all state agencies.
>
> …
>
> Section 2. All directives from the ISBE, IDPH, and the Governor will be followed by the District 229 Board, Superintendent, and staff.

In short, the District 229 School Board complied with the directives of the IDPH and ISBE, and Governor Pritzker's executive order when enacting resolution 2122-01.

Cruz is the father of a minor child, who is enrolled in an Illinois public school, and Jones is a father of a minor child, who is enrolled at OLCHS. Plaintiffs argue that EO21-18 violates the substantive due process clause of the Fourteenth Amendment. More specifically, plaintiffs contend that by issuing EO21-18 and resolution 2122-01, defendants Governor Pritzker, ISBE Director Carmen Ayala, and the District 229 School Board violated their fundamental liberty interest in the

2

care, custody, education, and control of their children. Plaintiffs also contend that Governor Pritzker exceed his authority under the Illinois Constitution and IEMAA, 20 ILCS 3305, *et seq.*, by issuing EO21-18.

**Legal Standards**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

A Rule 12(b)(1) motion challenges federal jurisdiction, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021); *International Union of Operating Eng'rs v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020). Under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiffs' favor when a defendant has facially attacked standing. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

**Discussion**

*Substantive Due Process*

The Court first turns to plaintiffs' substantive due process claim as alleged in Count I of

3

their complaint. As stated, plaintiffs allege that EO21-18 and District 299's adoption of this executive order contravenes the substantive due process clause by violating their fundamental liberty interest in the "care, custody, and control of their children." *Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); *see also Washington v. Glucksberg*, 521 U.S. 702, 720, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997) (a fundamental right exists "to direct the education and upbringing of one's children"). In essence, plaintiffs argue that their liberty interest in raising their children and making medically-related decisions for them extends to the context of mask mandates during the COVID-19 global pandemic. "To allege a viable substantive due process claim, [plaintiffs] would need to allege conduct under color of state law that 'violated a fundamental right or liberty" and was so 'arbitrary and irrational' as to 'shock the conscience.'" *Nelson v. City of Chicago*, 992 F.3d 599, 604 (7th Cir. 2021); *see also Campos v. Cook County*, 932 F.3d 972, 975 (7th Cir. 2019 ) ("Substantive due process protects against only the most egregious and outrageous government action.").

Here, plaintiffs have failed to plausibly allege that the mask mandate in schools, which was enacted to prevent the spread of the deadly coronavirus among students, teachers, faculty, and visitors, is so egregious and outrageous as to shock the conscience. Indeed, the Court would be hard-pressed to conclude that the Governor's executive order, which is intended to save lives during an ongoing public health crisis that has taken at least 800,000 American lives, amounts to egregious or outrageous conduct. The Court is not alone in this conclusion. *See Lipman v. Cortes-Vazquez*, No. 21-CV-4631, 2021 WL 5827129, at *2 (S.D.N.Y. Dec. 7, 2021) (collecting cases); *Lloyd v. School Bd. of Palm Beach County*, No. 21-cv-81715, 2021 WL 5353879, at 8-9 (S.D. Fla. Oct. 29, 2021) (collecting cases); *Case v. Ivey*, No. 20-cv-0777, 2021 WL 2210589, at *22 (M.D. Ala. June 1, 2021); *see also Parker v. Wolf,* 506 F.Supp.3d 271, 291 n.20 (M.D. Pa. 2020) (mask mandate and tracing program, "at worst, [are] minor and fleeting inconveniences, especially when compared to the widespread infectiousness and death that Defendants credibly seek to avoid through these two orders.").

In response, plaintiffs do not address defendants' arguments based on controlling case law that substantive due process requires government action that is so arbitrary and egregious that it "shocks the conscience." *See Geinosky v. City of Chicago*, 675 F.3d 743, 750 (7th Cir. 2012) (substantive due process "claims must meet a high standard, even when the alleged conduct was abhorrent, to avoid constitutionalizing every tort committed by a public employee."). Rather, plaintiffs reiterate certain allegations from their complaint. In the end, plaintiffs have failed to adequately allege that the mask mandate for Illinois' K-12 schools "shocks the conscience." The Court therefore grants defendants' motions to dismiss this claim.

*Article III Standing*

In addition, defendants argue that plaintiffs do not have Article III standing to challenge EO21-18 and District 299's adoption of that executive order. "Article III of the Constitution limits the federal judicial power to deciding 'Cases' and 'Controversies'" and "as an essential part of a federal court's authority under Article III, [the] standing doctrine ensures respect for these jurisdictional bounds." *Prairie Rivers Network,* 2 F.4th at 1007. To establish standing under Article III, plaintiffs must show: (1) they suffered an injury-in-fact; (2) that is fairly traceable to the defendants' conduct; and (3) that is likely to be redressed by a favorable judicial decision. *Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 729 (7th Cir. 2020) (Barrett, J.).

Defendants maintain that plaintiffs have not fulfilled the injury-in-fact component of Article III standing, which requires that the harm be "concrete and particularized" and "actual or imminent." *Prosser v. Becerra*, 2 F.4th 708, 713 (7th Cir. 2021). In response, plaintiffs assert that they have stated an injury-in-fact because "there is perhaps no greater of a personal and individualized impact on a person than having an intermeddler affect a parents' relationship with his or her child." Put differently, plaintiffs assert that the loss of their constitutionally protected liberty interest fulfills the injury-in-fact requirement of Article III standing. As explained above, however, plaintiffs have

failed to plausibly allege their substantive due process claim. Indeed, the Governor's executive order, and District 299's adoption of it, are not arbitrary and egregious under the circumstances of the worldwide Covid-19 pandemic, including last month's discovery of the Omicron variant.[1] Last, plaintiffs' injury-in-fact allegations fail to assert a particularized injury that affects them "in a personal and individual way," but instead they allege a "generalized grievance" shared by all parents of K-12 school children in Illinois. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1152 (7th Cir. 2020). Accordingly, plaintiffs do not have standing to bring their claims against defendants.

*Governor Pritzker's Emergency Powers*

Although plaintiffs do not have Article III standing to bring their claims in federal court, the Court addresses plaintiffs' request for injunctive relief as alleged in Count II for the sake of completeness. In Count II, plaintiffs seek injunctive relief arguing that Governor Pritzker exceeded the emergency powers granted to him under the Illinois Constitution and IEMAA when he enacted EO21-18. Because the "Eleventh Amendment immunizes state officers from federal injunctions based on state law," plaintiffs cannot seek to enjoin Governor Pritzker for allegedly misusing his emergency powers. *Cassell v. Snyders*, 990 F.3d 539, 551 (7th Cir. 2021); *see also Troogstad v. City of Chicago*, No. 21 C 5600, 2021 WL 5505542, at *9 (N.D. Ill. Nov. 24, 2021) (Lee, J.). The Court thus dismisses Count II.

**Conclusion**

For these reasons, the Court grants defendants' motions to dismiss brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [11, 14]. Plaintiff's motion for a preliminary injunction [8] and defendants' motion to exclude the testimony of Dr. Thomas Tarter [20] are stricken as moot. Civil case terminated.

---

[1] The first case of the Omicron variant was discovered in Chicago, Illinois on December 7, 2021. *See* https://news.wttw.com/2021/12/07 omicron-variant-detected-chicago-officials-announce

IT IS SO ORDERED.

Date: 12/14/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge